Lisa P. Page, Presiding Judge
Allstate Indemnity Company ("Allstate") appeals the trial court's judgment denying its request to disqualify Jeffrey Pellet as an appraiser. We affirm.
BACKGROUND
Allstate insured the property of Steven and Kathy Gaworski ("the Gaworskis") located at 11943 Homestead Avenue in St. Louis. The policy covered certain risks, including hail damage. In July 2015, the property sustained a partial loss by hail. The Gaworskis notified Allstate of the loss and opened a claim. An Allstate adjuster inspected the property and presented an estimate of damages. The Gaworskis rejected the estimate and invoked the appraisal clause of their policy, which provided in relevant part, if the parties could not agree to an amount of loss, upon written demand of either party each was required to select a "competent and disinterested" appraiser. The appraisers were then to select an umpire to evaluate each appraisal and make an award. If the appraisers could not agree upon an umpire, one was to be chosen by the court upon request of either party.
The Gaworskis hired Featherfall Restoration ("Featherfall") to repair the damage to their property. In return for performing the work, the Gaworskis assigned their right to any insurance claim against Allstate to Featherfall. The Gaworskis appointed Jeffrey Pellet ("Pellet") as their appraiser. Allstate initially appointed its own appraiser; however, following Pellet's objection to the original appraiser's objectivity and qualifications, Allstate appointed a second appraiser. Following several emails, Allstate's second appraiser proposed potential umpires. Following the proposal, Allstate filed a petition for court appointment of an umpire and motion to *182 strike Pellet as appraiser. The court ultimately appointed an umpire but denied Allstate's motion to disqualify Pellet. This appeal follows.
DISCUSSION
In its sole point on appeal, Allstate claims the trial court erred in denying is motion to strike Pellet because he is not a "disinterested" appraiser as required by the law and the insurance contract.
Standard of Review
We review the trial court's decision in the present case de novo , as the petition to appoint the umpire and disqualify Pellet is considered an action in equity. Schwartzman v. London & Lancashire Fire Ins. Co., Lim., of Liverpool, England , 318 Mo. 1089, 2 S.W.2d 593, 595 (Mo. banc 1927) (internal citations omitted).
Analysis
The parties agree the law regarding impartiality of an appraiser is well-settled, although scarce and somewhat outdated. Both parties rely on Orr v. Farmers Mut. Hail Ins. Co. of Mo. , 356 Mo. 372, 201 S.W.2d 952, 957 (Mo. 1947) and TAMKO Bldg. Products, Inc. v. Factual Mut. Ins. Co. , 890 F.Supp.2d 1129 (E.D. Mo. 2012) for the proposition that under Missouri law, if the insurance policy states the parties are to determine the amount of loss by appraisal, the individuals selected as appraisers must not be interested, biased, or prejudiced.
While the parties agree this is the applicable standard, each party has a different interpretation of what constitutes bias or interest. The trial court concluded although there was evidence of Pellet's "unprofessional conduct, aggressive rhetoric, and ominous emails," there was insufficient evidence of a disqualifying financial interest on his part. Allstate contends this conclusion was erroneous because Pellet had an ongoing relationship with Featherfall, the company hired by the Gaworskis to perform the repairs on their property and to which the Gaworskis had assigned their interest in any claim against Allstate. This argument is not supported in the record before us.
In an email to counsel for Allstate, Pellet specifically states he does not hold any interest in the financial outcome of this case. In addition, Casey Quinn Hale, the owner and operations manager of Featherfall, submitted an affidavit swearing that Pellet did not have any contract, oral or written, with Featherfall to furnish future appraisal work to him. The affidavit further states Pellet is not the sole appraiser for Featherfall and the company maintains a list of several qualified appraisers to "ensure that no single appraiser is receiving all of Featherfall's appraisal work."
Although there is evidence in the record that Featherfall hired Pellet for previous jobs, this does not constitute sufficient evidence of frequent or habitual employment rising to the level of a disqualifying bias. See Orr , 201 S.W.2d at 957 (a person frequently or habitually employed by insurer and who by his conduct makes it clear he is acting in their interests is not disinterested), and Harris v. American Modern Home Ins. Co. , 571 F.Supp.2d 1066, 1077-78 (E.D. Mo. 2008) (an appraiser becomes interested or biased by having a direct financial interest in the outcome). As discussed above, the record shows no employment or financial relationship between Pellet and Featherfall or Pellet and the Gaworskis. In addition, Pellet did not have any direct financial interest in the outcome. Thus, the trial court did not err in denying Allstate's motion to disqualify Pellet as an appraiser in this case.
*183 Allstate further argues Pellet had a bias against Allstate as evidenced by his email communications. However, as noted by the court, Pellet's conduct, while aggressive, did not rise to the level of disqualifying bias. Pellet did send emails challenging the qualifications and potential bias of Allstate's original appraiser, as well as the same for the second appraiser Allstate appointed. These emails contain strongly worded objections to both candidates. In addition, Pellet sent an email to counsel retained by Allstate to assist in completion of the appraisal following her initial communication. His email vehemently questioned the impartiality of Allstate's first appraiser, demanded verification of the impartiality of the second appraiser, and threatened to lodge a complaint with the bar against counsel if she continued to communicate with him. In his email to counsel, Pellet declares his own impartiality and competence, and states he has never met the Gaworskis, nor has he worked for them before.
An appraiser is not required to be entirely impartial. Harris , 571 F.Supp.2d at 1078. Instead, they may act as advocates for their respective parties without violating their commitments. Id. Here, while Pellet's communications are certainly "aggressive," as noted by the trial court, they do not evidence a disqualifying bias against Allstate. Instead, Pellet's emails evidence his advocacy on behalf of the Gaworskis in his strong desire to be presented with an impartial, unbiased appraiser appointed by Allstate. As such, the trial court did not err in denying Allstate's motion to disqualify Pellet. Point one on appeal is denied.
CONCLUSION
As a result of the foregoing, the trial court did not err in denying Allstate's motion to disqualify Pellet as an appraiser. Allstate's sole point on appeal is denied, and the judgment of the trial court is affirmed.
Roy L. Richter, J., and Philip M. Hess, J., concur.